UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-20574-CIV-JORDAN

LENNAR CORPORATION, a Delaware
Corporation, and LENNAR HOMES OF
CALIFORNIA, INC., a California Corporation,

      Plaintiffs,

vs.

BRIARWOOD CAPITAL, LLC, a Delaware
Limited Liability Company, and NICOLAS
MARSCH III, a California Individual, BARRY
MINKOW, a California Individual, FRAUD
DISCOVERY INSTITUTE, INC., a California
Corporation, and DOES 1-10, inclusive,

      Defendants.
_____/

**LENNAR PLAINTIFFS' REQUEST FOR HEARING ON MOTION FOR REMAND
UNDER 28 U.S.C. § 1452(b), OR, IN THE ALTERNATIVE, UNDER THE ABSTENTION
DOCTRINE PROVIDED UNDER 28 U.S.C. § 1334(c)**

Lennar Corporation and Lennar Homes of California, Inc. (collectively, "Lennar") hereby request, pursuant to Local Rule 7.1(B), that the Court schedule a hearing on Lennar's Motion for Remand Under 28 U.S.C. § 1452 (b), or, in the Alternative, Under the Abstention Doctrine Provided Under 28 U.S.C. § 1334(c) ("Motion for Remand"). Lennar respectfully requests a hearing of 60 minutes for the following reasons:

1. The Motion asks the Court to remand this case to State Court where it has been pending for 17 months. It relies on three separate but related grounds: (1) mandatory abstention; (2) discretionary abstention; and (3) remand. Lennar believes the Court would benefit from argument of the parties concerning the distinct, but sometimes overlapping standards and factors.

2. A pivotal issue underlying Lennar's Motion is the nature, extent, and depth of litigation in the State Court before the Honorable Gill S. Freeman. Lennar believes the Court would benefit from argument of the parties, who have been litigating this case before the Florida State Court for a year-and-a-half.

3. The Motion also asks the Court to remand in part because there are dispositive motions pending before the State Court, which Lennar contends can only be properly determined by the State Trial Court. Specifically, in December 2009, Lennar filed a dispositive motion seeking terminating sanctions against non-debtors Mr. Minkow and the Fraud Discovery Institute for pervasive illegal conduct, including willful violations of Judge Freeman's orders, intentional destruction of crucial pieces of evidence, and fabrication of documents produced in discovery. Lennar believes the Court would benefit from argument of the parties concerning the nature of that motion, its significance to the litigation, and why Judge Freeman is best positioned to rule on the matter.

4. Lennar's Motion contends that Briarwood is impermissibly forum shopping. Briarwood already tried twice to transfer the case away from Florida State court on the basis of forum *non* conveniens. Lennar expects Briarwood to deny that it is forum shopping and believes the Court would benefit from argument of the parties concerning the nature of the prior motions and the State Court's rulings denying those motions.

5.	Lennar contends that it will be prejudiced if the Court denies a remand of the case. Lennar expects Briarwood to argue that it will be prejudiced if the case is remanded. Lennar believes the Court would benefit from argument of the parties concerning their respective claims of prejudice.

For the foregoing reasons, Lennar respectfully requests that the Court set a 60-minute hearing on the Motion for Remand. Because this case was within 6 weeks of completing fact discovery in the State Court before removal, with other pretrial deadlines in place and an August trial date that is extremely important to all parties, Lennar respectfully requests that the hearing be set at the earliest possible time.

DATED: March 5, 2010

Respectfully submitted,

**DUBBIN & KRAVETZ, LLP**
Samuel J. Dubbin, P.A.
1200 Anastasia Avenue
Suite 300
Coral Gables, Florida 33134
Telephone: (305) 357-9004
Facsimile: (305) 371-4701
Email: sdubbin@dubbinkravetz.com

and

**O'MELVENY & MYERS LLP**
Daniel Petrocelli, Esq.
Ben H. Logan, Esq.
David Marroso, Esq.
1999 Avenue of the Stars
7th Floor
Los Angeles, CA 90067
Telephone: (310) 246-6850
Facsimile: (310) 246-6779

2

By: _____
Samuel J. Dubbin, P.A.
Florida Bar No. 328189

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March, 2010, I electronically filed the foregoing document with the Clerk of the Court's CM/ECF system, which will send notification of such filing to the indicated counsel of record, and that I have also served all of the counsel below by electronic mail.

--- Alvin E. Entin, Esq., Entin & Della Fera, P.A., Auto Nation Towers, Suite 1970 110 Southeast Sixth Street, Fort Lauderdale, FL 33301 (CM/ECF);

--- Josh Entin, Esq., Rosen Switkes & Entin, P.L., 407 Lincoln Road, Penthouse SE Miami Beach, FL 33139 (CM/ECF);

--- Scott M. Dimond, Esq., Lorenz M. Prüss, Esq., Sharlene Y. Escalera, Esq., Dimond Kaplan & Rothstein, P.A., 2665 South Bayshore Dr., PH-2B, Miami, FL 33133 (CM/ECF);

--- Michelle B. Baker, Esq., b|r Law Group, LLP, North Trust Building, 4370 La Jolla Village Dr., Suite 670, San Diego, CA 92122;

By: _____
Samuel J. Dubbin, P.A.